```
 1  LAWRENCE G. BROWN
    Acting United States Attorney
 2  MATTHEW D. SEGAL
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, California 95814
 4  Telephone: (916) 554-2708
 5
 6                 IN THE UNITED STATES DISTRICT COURT
 7                FOR THE EASTERN DISTRICT OF CALIFORNIA
 8
 9  UNITED STATES OF AMERICA,   )   CASE NO. 2:08-CR-263 FCD - DAD
                                )
10              Plaintiff,      )   CORRECTED AND SIGNED
                                )   STIPULATION AND PROTECTIVE
11       v.                     )   ORDER REGULATING DISCOVERY
                                )
12  CHARLES BARKSDALE, ET. AL., )
                                )
13              Defendants.     )
14
    UNITED STATES OF AMERICA,   )   CASE NO. 2:08-CR-405 FCD
15                              )
                Plaintiff,      )
16                              )
         v.                     )
17                              )
    LAKEISHA PEARSON,           )
18                              )
                Defendant.      )
19                              )
```

Pursuant to Fed. R. Crim. P. 16(d), the undersigned parties in United States v. Barksdale, et. al., stipulate and agree, and respectfully request that the Court order that:

    1.   The United States shall turn over additional discovery in this case, beginning with Bates Stamp 1069 ("The Protected Material"). While not every defendant in this case may be entitled to each page of this discovery, disclosure of The Protected Materials may better facilitate each Defendant's

/////

|    |    |    |
|---:|---:|----|
| 1  |    | preparation for trial and/or decision to resolve his or |
| 2  |    | her case. |
| 3  | 2. | The Protected Material is now and will forever remain the |
| 4  |    | property of the United States.  The Protected Material is |
| 5  |    | entrusted to counsel for each Defendant only for purposes |
| 6  |    | of representation in this case. |
| 7  | 3. | Counsel for each Defendant shall not make any paper or |
| 8  |    | electronic copy of any Protected Material. |
| 9  | 4. | Counsel for each Defendant shall not give the Protected |
| 10 |    | Material to any person other than counsel's staff or |
| 11 |    | investigator.  The terms "staff" and "investigator" shall |
| 12 |    | not be construed to describe any Defendant or other person |
| 13 |    | not either regularly employed by counsel or a licensed |
| 14 |    | investigator hired in this case. |
| 15 | 5. | Any person receiving the Protected Material from counsel |
| 16 |    | for any Defendant shall be bound by the same obligations |
| 17 |    | as counsel and, further may not give the Protected |
| 18 |    | Material to anyone (except that the Protected Material |
| 19 |    | shall be returned to counsel). |
| 20 | 5. | Counsel shall maintain a list of persons to whom any |
| 21 |    | Protected Material has been given.  Such persons shall be |
| 22 |    | shown a copy of this Stipulation and Order and shall sign |
| 23 |    | a copy of the Stipulation and Order and note that they |
| 24 |    | understand its terms and agree to them. |
| 25 | 6. | The Defendants in this case may review the Protected |
| 26 |    | Materials and be aware of their contents, but shall not be |
| 27 |    | given control of the Protected Materials or any copies |
| 28 |    | thereof. |

7. Within twenty days of sentencing or dismissal of any Defendant's case, that Defendant's counsel shall destroy the Protected Material and so certify to the attorney for the government.

8. The foregoing notwithstanding, after the Trial Confirmation Hearing in this case, counsel, staff, and investigator for any Defendant who has confirmed for trial may make copies of the Protected Materials for trial

//

//

//

//

//

//

//

//

//

//

```
                preparation and presentation.  Any copies must, however,
                remain in the possession of counsel, staff, investigator,
                or the Court.

                                        Respectfully Submitted,

                                        LAWRENCE G. BROWN
                                        Acting United States Attorney


DATE: February 20, 2009        By:   /s/ Matt Segal
                                     MATTHEW D. SEGAL
                                     Assistant U.S. Attorney


                                      /s/ Patrick Hanly by MDS
DATE: February 20, 2009              Patrick K. Hanly, Esq.
                                     Counsel for Charles Barksdale


                                      /s/ Tim Zindel by MDS
DATE: February 20, 2009              Timothy L. Zindel, Esq.
                                     Counsel for Donald Taylor


                                      /s/ Joseph Wiseman by MDS
DATE: February 20, 2009              Joseph J. Wiseman, Esq.
                                     Counsel for Kevin Dixon


                                      /s/ Michael Bigelow by MDS
DATE: February 20, 2009              Michael B. Bigelow, Esq.
                                     Counsel for Jolene Papineau


                                      /s/ James Greiner by MDS
DATE: February 20, 2009              James R. Greiner, Esq.
                                     Counsel for Eric Mayo
```

**SO ORDERED.**

DATED: February 23, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.criminal/barksdale0263.stipord